No. 2776.

T. C. Thompson *v.* The State.

1. Illegal Voting—Presumption of Law—Charge of the Court.—
Upon principle, every person is presumed to know the law, both as to
civil and criminal transactions. Moreover, the rule is statutory in this
State that ignorance of the law is no excuse for the violation of a law,
and that no mistake of law will excuse one committing an offense.
Upon a trial for illegal voting, the trial court instructed the jury, in
substance, that if the accused, when he voted, had been convicted of
an assault to murder, and knew at the time he so voted that he had
been so convicted, such knowledge was equivalent to knowing that he
was not a qualified voter. *Held,* correct.

2. Same—Practice.—It was further *held* in this case that, if the accused
knew that he had been convicted of an assault to murder, he would
be presumed to know that such offense was a felony, and that one of
the consequences of such conviction was his disqualification to vote.
As he could not be heard to deny such knowledge, it was not an issue
to be proved.

Appeal from the District Court of Lamar. Tried below be-
fore the Hon. E. D. McLellan.

The conviction was for illegal voting, and the penalty assessed
was a term of two years in the penitentiary.

The State established, first, the legality of the election held in
the city of Paris on the third day of April, 1888, for the purpose
of electing city officers, and to determine a proposition to levy
a special school tax; second, that the defendant voted at the
second ward poll for city officers, but not on the school tax
question; third, that he was the identical person who, as Char-
ley Thompson, alias Charley Crawford, was convicted in 1878,
in the district court of Lamar county, of the offense of assault
with intent to murder, and was subsequently conveyed to the
penitentiary at Huntsville and delivered to the superintendent
of the penitentiary by the sheriff of Lamar county.

The defendant proved that he deposited his ballot openly and
without hesitation or embarrassment, and at the time stated to
the officers presiding at the ballot box and holding the election
that he was qualified to vote for city officers; but, being a non-
taxpayer, was not qualified to vote on the tax question; and

that, prior to voting as aforesaid, he claimed to other parties that he was qualified to vote for city officers, but not to vote on the school tax question, as he had been informed that only tax-payers were qualified to vote on that question.

*Hill & Hutchison* and *W. A. Roach*, for the appellant: The fifth paragraph of the charge of the court to the jury is erro-neous. It reads as follows: "If the defendant had been con-victed of an assault with the intent to murder, as alleged in the indictment in this cause, and if he voted at an election, as likewise alleged, and he knew at the time he so voted that he had been so convicted, such knowledge of his conviction would be equivalent in law to knowing himself not to be a qualified voter."

This charge does not embrace the law as defined in the Re-vised Statutes, article 165. The three facts that constitute the crime of illegal voting are, first, that the accused voted; second, that he was not a qualified voter, and third, that he knew him-self not to be a qualified voter. These three constituent facts must exist and be arrived at from the evidence, before the jury would be warranted in a conviction. This charge submits the first and second of these facts to the jury for their considera-tion, but entirely withdraws the third, and charges its existence as a legal conclusion from the existence of the other two.

We maintain that, where a particular "knowledge" or "in-tent" is the gist of an offense, the court's charge should leave these elements for the jury to determine. If the words "know-ing himself not to be a qualified voter" do not relate to his individual knowledge as to the extent and effect of these dis-qualifying facts, then why not omit the words "knowing himself" from the statute and say we have the same offense left? Why are these words there, if meaning nothing? Why use qualify-ing words, if they do not limit or restrict the meaning and effect of sentences in which used? If a knowledge on the part of the defendant as to his disqualifications is not the very gist of this offense, should not the statute read thus: "If any person, not being a qualified voter, shall vote at any election," etc.? If it is the legislative intent that this knowledge should relate only to the existence of the disqualifying facts, we hold that article 165 should read thus: "If any person, knowing himself to be an idiot or a lunatic, or a pauper supported by any county, or any person convicted of any felony, or any person under

twenty-one years of age, etc., shall vote," etc. To indulge in a supposition that an idiot or a lunatic could ever know such a fact, then suppose an idiot or lunatic, a pauper, a minor, etc., knowing they are such, and should vote, not knowing the same disqualified them, would they be ipso facto criminally guilty? Would they be precluded from proving that they did not know the facts disqualified them? Does not the statute make the defendant's knowledge that he was disqualified a question of fact, and can the same be supplied by a mere legal presumption? (Penal Code, art. 14.)

This offense is dissimilar to all others in the code. Where a knowledge is in the definition of any of the other offenses, it relates to external facts in the application to the accused, as that he knowingly did or did not do a prohibited or required thing; whereas, in this offense, it relates to the defendant's understanding, as "knowing himself not to be a qualified voter." We have been unable to find any of our State reports decisive of this question. From 1 Wharton's Criminal Law, section 1835, we quote as follows: "When illegal voting is made a misdemeanor, irrespective of intent, it is no defense that the defendant believed himself entitled to vote." See note 5, where we are led to the conclusion that the celebrated case of United States v. Susan B. Anthony was tried under a statute such as the one above referred to. In this case it is held that "one illegally voting was bound and assumed to know the law." (Vol. 1, p. 84, note 7.) We find nothing in this case showing that she was indicted under a statute embracing knowledge or intent. In McGuire v. State (7 Hump., 54), where the statute of Tennessee makes it an offense to "knowingly vote," it is no defense that the accused did not know of his disqualifications. This statute is wholly unlike ours. In Kentucky, where the statute defines the offense in the exact words of our statute, viz., "knowing himself not to be a qualified voter," ignorance is held to be a good defense. (Com. v. Bradford, 9 Metc., 268.)

We deduce from the authorities that, where a sciener is embraced in the statutory definition of the offense, it must be alleged and proven. (Penal Code, art. 165; 2 Whart. Crim. Law, sec. 1835; Com. v. Bradford, 9 Metc., 268; Com. v. Aglar, Thach. C. C., 412; Bright. Elec. Cas., 412, 703; Com. v. Wallace, Thach. C. C., 592; People v. Harris, 29 Col., 678.)

As to statutes not exacting a sciener, see State v. Perkins,

42 Vermont, 399; State v. Walsh, 21 Minnesota, 22; Hamilton v. People, 57 Barbour, 625.

The charge of the court was upon the weight of the evidence. It is the province of the jury to determine all the facts in this case. In the fifth paragraph of the charge, the jury are told "that if the defendant knew that he had been so convicted, such knowledge of his conviction would be equivalent in law to knowing himself not to be a qualified voter." Whilst the court may have attempted to construe article 14, Penal Code, we hold that it is an abstract principle of law not properly given in this case, and consequently is on the weight of evidence. The jury should not have been told that the existence of certain facts was equivalent in law to the legal certainty of others. (Stockman v. State, 24 Texas Ct. App., 387; Rice v. The State, 3 Texas Ct. App., 451; Lunsford v. The State, 9 Texas Ct. App., 217; Stevens v. The State, 10 Texas Ct. App., 120; Stone v. The State, 22 Texas Ct. App., 186.)

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for illegal voting. The facts show that the defendant voted at a legal election held in the city of Paris, Texas, for the purpose of electing a mayor and board of aldermen for said city; that, prior to voting at said election, he had been convicted in the district court of Lamar county, Texas, of a felony, to wit, of an assault with intent to murder, which conviction had not been set aside, but had been enforced against the defendant by confining him in the penitentiary.

Upon the trial of this case the court gave an instruction as follows: "If the defendant had been convicted of an assault with intent to murder, as alleged in the indictment in this cause, and if he knew at the time he so voted that he had been so convicted, such knowledge of his conviction would be equivalent in law to knowing himself not to be a qualified voter." It is contended by counsel for defendant that said instruction is erroneous in principle, and is also upon the weight of evidence. We believe the instruction to be correct and unobjectionable. Ignorance of the law is no excuse for violation of the law (Penal Code, art. 14), and no mistake of law excuses one committing an offense. (Penal Code, art. 45.) Every one is conclusively presumed to know the law, both as to civil and crimi-

nal transactions. The law is administered upon the principle that every one must be taken conclusively to know it, without proof that he does know it. (9 Cr. Law Mag., 166; Whart. Cr. Ev., sec. 723.)

As the defendant knew the fact that he had been convicted of the offense of assault with intent to murder, it must be conclusively presumed that he knew the legal consequences of such conviction; that he knew that the law declared that offense to be a felony, and that the Constitution and the law made one of the consequences of the conviction his disqualification to vote. He can not be heard to deny such knowledge, and it was not necessary that it should be proved that he had such knowledge, because the presumption of law supplied and dispensed with such proof.

We do not regard the opinion in Com. v. Bradford, 9 Metcalf, 268, cited by counsel for defendant, as being in conflict with the view above expressed. In that case the right of the defendant to vote depended upon a question of fact as well as of law, and the court very properly held that it devolved upon the prosecution to prove that he knew he was not a qualified voter. The presumption of knowledge of the law did not apply in that as it does in this case.

While we have found no adjudicated case determining the precise question in accordance with our view of it we have found none which holds a contrary doctrine. It seems to us that if we were to hold the law to be that the State must prove that the defendant knew that the offense of which he had been convicted was a felony, and that such conviction disqualified him to vote, the effect would be that a conviction for illegal voting by persons convicted of felony could rarely be obtained, because it would be an exceptional case in which such proof could be made. Such a holding would not accord with our understanding of the spirit and reason of the law, and is not supported by any precedent to which we have been cited, or which we have been able to find.

The judgment is affirmed.

*Affirmed.*

Opinion delivered October 10, 1888.